# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1160**

**CA 11-01106**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

ROSS T. RUNFOLA, PLAINTIFF-RESPONDENT,

V                                                                     MEMORANDUM AND ORDER

SIEGEL, KELLEHER & KAHN, HERBERT M. SIEGEL, AND
DENNIS A. KAHN, DEFENDANTS-APPELLANTS.

---

PHILLIPS LYTLE LLP, BUFFALO (CHRISTOPHER L. HAYES OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 26, 2010. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendants' motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff, a former partner in defendant Siegel, Kelleher & Kahn (SKK), commenced this action against that law firm and defendants Herbert M. Siegel and Dennis A. Kahn alleging, inter alia, breach of contract, fraud, and promissory estoppel. In 1992, Siegel and Kahn, the law firm's managing partners, purchased a group long-term disability insurance policy for the benefit of the firm's partners. An internal letter circulated in the law firm announced the existence of the disability policy and outlined the coverage provisions. Over the next several years, plaintiff suffered several physical and medical ailments and, although he continued to work, his ability to practice law was impaired. In December 1997, the group disability policy lapsed based on the nonpayment of premiums. According to plaintiff, he was not notified when the policy was allowed to lapse, nor did he learn that the policy had been cancelled until a few years thereafter, when he was inquiring about the coverage. Plaintiff continued working at SKK until May 2001 and thereafter commenced this action.

Supreme Court properly granted those parts of defendants' motion for summary judgment dismissing the first through third causes of action, but should have granted the motion for summary judgment dismissing the complaint in its entirety. The causes of action left intact by the court are preempted by the Employee Retirement Income

Security Act of 1974 ([ERISA] 29 USC § 1001 *et seq*.). Specifically, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA (29 USC § 1144 [a]). In accordance with that expansive preemption provision (*see e.g. California Div. of Labor Stds. Enforcement v Dillingham Constr., N.A., Inc.*, 519 US 316, 324; *Ingersoll-Rand Co. v McClendon*, 498 US 133, 138; *Shaw v Delta Air Lines, Inc.*, 463 US 85, 98; *see also Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 394), ERISA provides that "[a] law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan" (*Shaw*, 463 US at 96-97). ERISA also imposes, inter alia, notice and disclosure requirements in relation to employee benefit plans (*see* 29 USC §§ 1021-1024; *see also Peralta v Hispanic Business, Inc.*, 419 F3d 1064, 1070; *see generally Veilleux v Atochem N. Am., Inc.*, 929 F2d 74, 75-76). Thus, ERISA mandates dismissal of plaintiff's remaining causes of action. In light of our determination, we do not reach defendants' remaining contentions.

Entered: November 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court